UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIARA AIONA, *et al.*, | No. C-14-4745 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |
| BAYER HEALTHCARE PHARMACEUTICALS, INC., | **(Docket No. 12)** |
| Defendant. | |

This action is one of several products liability actions currently pending against Defendant Bayer HealthCare Pharmaceuticals, Inc. ("Bayer") alleging that Bayer's Mirena intrauterine device caused various injuries. This action has previously been removed to this Court only to be remanded to state court for improper removal. Undeterred, Bayer has removed this action a second time, on a separate ground based on subsequent events. Plaintiffs have moved to remand. The Court finds this matter suitable for disposition without oral argument and thereby **VACATES** the hearing currently set for January 29, 2015. For the following reasons, the Court **GRANTS** Plaintiffs' motion to remand and **REMANDS** this action to the Superior Court of California for the County of San Francisco.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This action was filed in California state court on July 18, 2013. *See* Declaration of Paul B. La Scala ("La Scala Decl."), Ex. A (Docket No. 1-5). The complaint generally alleges that the Plaintiffs – approximately thirty individuals – suffered injuries as a result of Bayer's Mirena intrauterine device. *See generally id.* Bayer initially removed this action on December 27, 2013,

pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332. On February 27, 2014, this Court granted Plaintiffs' motion to remand, finding that Bayer had failed to "meet the high standard for demonstrating fraudulent joinder – that Plaintiff Garrett obviously failed to state a claim under the settled laws." Docket No. 23.

On September 22, 2014, plaintiffs in another California state court case involving alleged injuries caused by Mirena filed a Joint Petition for Coordination ("Joint Petition") pursuant to California Code of Civil Procedure § 404.1. The Joint Petition sought to coordinate 7 separate Mirena actions – including this one. The parties dispute the extent to which Plaintiffs in this case consented to the inclusion of the action in the Petition, but it does not appear that the Plaintiffs here ever objected to the case being included in the Joint Petition.

The Joint Petition states four times in one paragraph were seeking coordination "for pre-trial purposes only":

> Plaintiffs . . . respectfully submit this Joint Petition for Coordination for pre-trial purposes only and request to the Chairperson of the Judicial Council for assignment of a Judge to determine whether the above-titled actions . . . are complex actions and, if so whether coordination of the actions for pre-trial purposes only is appropriate. Plaintiffs DO NOT seek and are in no way petitioning this Court for multi-plaintiff trials. This Petition is limited to coordination for pretrial purposes ONLY.

*See* Docket No. 32-1, at 8. The attached Memorandum of Points and Authorities contained similar language in two locations. *See* Docket No. 32-2, at 8 ("Plaintiffs seek coordination for purposes of pre-trial only of the following seven (7) actions . . . ."); *id.* at 10 ("Plaintiffs further submit that the interests of justice and judicial economy support the coordination of the ten (10) current cases **for pre-trial purposes only** . . . ." (emphasis in original)).

The movants contended that five factors favored coordination. First, they argued that common questions of fact or law predominated over individual issues and were significant. *Id.* at 11. Second, they argued that the coordination would allow "parties to share work product and discovery already produced" and that coordinating the cases would prevent duplicative discovery – thus preserving resources. *Id.* at 12. Third, they stated that coordination would "foster efficient utilization of judicial resources" since Mirena-related lawsuits were pending in Los Angeles, San

Diego, San Bernardino, and San Francisco County. *Id.* at 13.  Fourth, they argued that the risk of duplicative or inconsistent rulings would be minimized by coordination, stating:

> [I]ssues likely to be raised in this action include issues pertaining to liability, allocation of fault and contribution, as well as the same wrongful conduct of Defendants.  Such difficult issues may ultimately be addressed by the California Court of Appeal.  Coordination is required in order to avoid duplicative efforts and inconsistent rulings.

*Id.* at 14.  Finally, they argued that if coordination was denied, the cases would likely not settle without substantial additional litigation.  *Id.*

On October 24, 2014, Bayer re-removed this action under CAFA in light of the Joint Petition.  Specifically, it contends that the Joint Petition is sufficient to invoke the "mass action" provision of CAFA.  Plaintiffs move to remand, arguing that coordination for pre-trial purposes only did not make the action removable under CAFA.  Plaintiffs further contend that they did not consent to the filing of the Joint Petition and, therefore, it cannot bind them.

## II.   DISCUSSION

Under CAFA, a "mass action" is defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i).  Expressly excluded from the definition of "mass action" are "claims that have been consolidated or coordinated solely for pretrial proceedings."  *Id.* § 1332(d)(11)(B)(ii)(IV).  If a case is deemed a "mass action," it may be removed as if it were a class action under CAFA provided other jurisdictional requirements are met.  *Id.* § 1332(d)(11)(A).  To remove a mass action, there must be minimal diversity between the plaintiffs and defendants and the amount in controversy must exceed $5,000,000.  *See id.* § 1332(d)(2).

Here there is no dispute that the number of plaintiffs in the various Mirena actions referenced in the Joint Petition exceed 100 or that the amount in controversy exceeds $5,000,000.  The question posed by Plaintiffs' motion to remand is whether the Joint Petition rendered this action, and the other Mirena cases included in the Joint Petition, a "mass action."  In other words, the Court must determine if the Joint Petition represents a proposal that the various actions "be tried jointly" as

required by § 1332(d)(11)(B)(ii)(IV) or whether as Plaintiffs maintain, it was merely a request for coordination for pre-trial purposes.

As referenced above, the Joint Petition was filed in a separate Mirena case pursuant to California Civil Procedure Code sections 404 and 404.1  Section 404.1 provides the standard governing coordination:

> Coordination of civil actions sharing a common question of fact or law is appropriate if one judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice taking into account whether the common question of fact or law is predominating and significant to the litigation; the convenience of parties, witnesses, and counsel; the relative development of the actions and the work product of counsel; the efficient utilization of judicial facilities and manpower; the calendar of the courts; the disadvantages of duplicative and inconsistent rulings, orders, or judgments; and, the likelihood of settlement of the actions without further litigation should coordination be denied.

Cal. Civ. Proc. Code § 404.1.  While this section speaks of coordination being appropriate if "one judge hearing all of the actions *for all purposes*" would satisfy the criteria, courts have recognized the possibility of coordination for pre-trial purposes only.  For example, in *Gutowski v. McKesson Corp.*, No. C12-6056 CW, 2013 WL 675540 (Feb. 25, 2013), the court granted the motion to remand where the coordination petition did "not propose or even refer to a joint trial," but rather focused on the "potential benefits of coordination during *pretrial* proceedings."  *Id.* at *3; *see also Rentz v. McKesson Corp.*, No. C12-9945 PSG (Ex), 2013 WL 645634 (C.D. Cal. Feb. 20, 2013) (same).

In *Corber v. Xanodyne Pharmaceuticals, Inc.*, 771 F.3d 1218 (9th Cir. 2014) (en banc), the Ninth Circuit addressed the removability of actions coordinated pursuant to California Civil Procedure 404.1.  The court held that when such a petition for coordination is filed along with memoranda in support, a court must "carefully assess the language of the petitions for coordination to see whether, in language or substance, they proposed a joint trial."  *Id.* at 1223.  The petition before the Ninth Circuit did not contain an express request for joint trials or coordination through trial.  Nonetheless, the court found that the petition was, in fact, such a request.  First, the Court noted that the petition sought coordination "for all purposes" and that "all purposes must include the purposes of trial."  *Id.*  Second, the court noted that the reasons given in support of the coordination petition suggested joint trials.  For example, it noted that plaintiffs had listed the "danger of

4

inconsistent judgments and conflicting determinations of liability." *Id.* at 1223-24.  It then held that "achieving consistency in these areas would certainly require a joint trial." *Id.* at 1224.

At first blush, *Corber* appears to support remand in this action.  The Joint Petition in this action is, in many respects, identical to the petition the Ninth Circuit confronted in *Corber*.  For example, the memorandum in support of the coordination petition in *Corber* included only one reference to coordination for "all purposes" – first it stated "The following factors, catalogued in section 404.1 and discussed in more detail below, all demonstrates that coordination of these included actions is appropriate: One judge hearing all of the actions for all purposes in a selected site . . . will promote the ends of justice." *See Corber v. Xanodyne Pharm., Inc.*, No. 13-56306 (9th Cir.), Excerpts of Record ("ER") 119.  The Joint Petition in this case contains the same paragraph, verbatim.  *See* Docket No. 32-2, at 11.  The statement in the *Corber* petition was sufficient for the Court to conclude that the plaintiffs had "propose[d] a joint trial, triggering federal jurisdiction as a mass action under CAFA."  *Corber*, 771 F.3d at 1225.  Insofar the Joint Petition here contains the same language, it would appear that the Plaintiffs have likewise included a joint trial request.

Further, just like the *Corber* petition, the Joint Petition in this action identified the risk of inconsistent rulings and conflicting determinations of liability.  In fact, the memorandum in support of the Joint Petition is identical to the coordination petition on this point.  Compare:

| *Corber* Petition | Joint Petition |
|---|---|
| "Failure to coordinate these actions will result in the disadvantage of duplicate and inconsistent rulings, orders, or judgments.  The inevitability of realizing the inconsistency and duplication factor of California Code of Civil Procedure Section 404.1, weighs heavily in favor of coordination.  Indeed, issues likely to be raised in this action include issues pertaining to liability, allocation of fault and contribution, as well as the same wrongful conduct of Defendants.  Such difficult issues may ultimately be addressed by the California Court of Appeal.  Coordination is required in order to avoid duplicative efforts and inconsistent rulings." ER 121. | "Failure to coordinate these actions will result in the disadvantage of duplicate and inconsistent rulings, orders, or judgments.  The inevitability of realizing the inconsistency and duplication factor of *California Code of Civil Procedure* Section 404.1, weighs heavily in favor of coordination.  Indeed, issues likely to be raised in this action include issues pertaining to liability, allocation of fault and contribution, as well as the same wrongful conduct of Defendants.  Such difficult issues may ultimately be addressed by the California Court of Appeal.  Coordination is required in order to avoid duplicative efforts and inconsistent rulings." Docket No. 32-2, at 14. |

1  Accordingly, language the Ninth Circuit found to be indicative of a proposal for joint trials is found
2  in the Joint Petition herein.
3       On the other hand, the Joint Petition differs from the *Corber* Petition in one material respect.
4  As discussed above, the Joint Petition here contains no less than four references to coordination
5  being sought "for pre-trial purposes only." *See* Docket No. 32-1, at 8.  The memorandum in support
6  of the petition contains further references. *See, e.g.*, Docket No. 32-2, at 15 ("As set forth above, all
7  factors to be considered demonstrate that coordination of these included actions *for pre-trial*
8  *purposes* only is appropriate as it is in the interest of judicial economy and the parties." (emphasis
9  added)).
10      This difference between the Joint Petition and the *Corber* Petition is dispositive.  In *Corber*,
11  after finding that the coordination petition before it had, in substance, proposed a joint trial, the
12  Court stated:

> This is not to say that all petitions for coordination under section 404
> are *per se* proposals to try cases jointly for the purposes of CAFA's
> mass action provision.  We can envision a section 404 petition that
> expressly seeks to limit its request for coordination to pre-trial matters,
> and thereby align with the mass action provision's exception for "any
> civil action in which . . . the claims have been consolidated or
> coordinated solely for pretrial proceedings."

*Corber*, 771 F.3d at 1224 (footnote omitted) (quoting 28 U.S.C. § 1332(d)(11)(B)(ii)(IV)). While
recognizing that it was unclear if the California Judicial Council would actually *grant* coordination
for only pre-trial purposes, the *Corber* court stated that "if Plaintiffs had qualified their coordination
request by saying that it was intended to be solely for pre-trial purposes, then it would be difficult to
suggest that Plaintiffs had proposed a joint trial." *Id* at 1224-25.[1]

---

[1] Of course, immediately after this statement, the Ninth Circuit stated:

> But where, as here, plaintiffs petition for coordination by arguing that
> "hearing all of the actions" together "for all purposes" would promote
> the ends of justice, they propose a joint trial, triggering federal
> jurisdiction as a mass action under CAFA.

*Id.* at 1225.  As detailed above, the Joint Petition includes the same, single reference to coordination for "all purposes" as the *Corber* petition did.  However, as *Corber* commands, this Court must carefully assess *both* the language and the substance of the petition.  Here, the single, apparently boilerplate, reference to consolidation for "all purposes" is substantially outweighed by the repeated and express limitations of consolidation being sought only for pre-trial purposes.  In this

Here, the plaintiffs in the separate Mirena action who filed the request for Joint Consolidation did expressly (and repeatedly) limit their request for coordination to pre-trial purposes only. In light of *Corber*'s clear statements that it would be "difficult to suggest that Plaintiffs had proposed a joint trial" in such a circumstance, the Court concludes that the parties who moved for Joint Consolidation did not propose joint trials, only consolidation of pre-trial proceedings. As a result, the included actions do not qualify as a removable "mass action" under CAFA.

For the foregoing reasons, the Court finds that removal of this action under CAFA was improper. Plaintiff's motion to remand is **GRANTED** and this action is remanded to the Superior Court of California for the County of San Francisco.

This order disposes of Docket No. 12.

IT IS SO ORDERED.

Dated: January 20, 2015

_____
EDWARD M. CHEN
United States District Judge

---

circumstance, the Court declines to find that Plaintiffs proposed joint trials. *Cf. Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").